Brennan, J.
This case arises from the court’s allowance of defendant-appellee’s motion for summary judgment on all counts of plaintiff-appellant’s complaint. The facts, in brief are as follows. Joanne I. DeLong (hereinafter, plaintiff-Appellant) joined the First Congregational Church in Hadley, Mass, in 1990. Thereafter, she was elected to the Christian Education Committee of the Church, on which she served for three consecutive three year terms. During the course of her service on the committee, plaintiff and Reverend Lorain Giles (hereinafter, defendant-appel-lee) developed a personality conflict and clashed on several occasions on a variety of church related issues. Defendant communicated her opinion on plaintiff’s job performance to the members of this congregation. Defendant distributed a book entitled Antagonists of the Church to members of the Church’s nominating committee for their consideration relative to the plaintiffs suitability for renomination at the end of plaintiff’s final term on the committee.
In 1992 the Church’s nominating council did not renominate the plaintiff for another term on the Christian Education Committee and, as a result, plaintiff filed suit against defendant alleging intentional inflection of emotional distress, negligence, negligent infliction of emotional distress and defamation. Defendant filed a motion for summary judgment on all counts of plaintiff’s complaint and the motion for summary judgment was allowed on all counts.
Plaintiff based her claim of defamation on defendant’s communication to the Church’s nominating council relative to plaintiffs suitability for continued office. Defendant asserts that defendant’s communication to the nominating committee is not actionable because it was merely an expression of defendant’s opinion not fact.
Specifically, plaintiff alleged that defendant defamed her by giving a copy of the book Antagonists in the Church to the nominating committee and by telling them that the book “might be helpful... in their decision making” regarding the plaintiff’s reappointment to the education committee.
The defendant asserts that Antagonists in the Church did not refer to the plaintiff personally and did not make any statement of fact regarding the plaintiff or plaintiff’s suitability for appointment to the Committee. In short, defendant states that how the contents of the book might have related to the plaintiff were, at best, matters of subject opinion and not in any way, a communication of fact. In the alternative defendant asserts that the Constitution of the United States prohibits the courts from interference with ecclesiastical controversies.
In considering the motion for summary judgment the judge had before him transcripts of the deposition testimony of Joanne I. DeLong and Lorain Giles, the pleadings, the exhibits, including, but not limited to, a copy of Antagonists in the Church. The issue presented to the judge was whether the defendant’s actions constituted defamation.
To recover for defamation the plaintiff must establish (a) a false and defamatory statement of fact concerning another, (b) an unprivileged publication to a third party, *96 (c) fault amounting at least to negligence on the part of the publisher and (d) either the actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. RESTATEMENT (SECOND) OF TORTS §558.
Summary judgment under Rule 56 can be granted only if there is no genuine issue of material fact. Here, the plaintiff had the burden of introducing countervailing evidence in order to demonstrate the existence of a genuine material fact or she could have chosen to argue the issue on purely legal grounds.
Defendant, relying on the holding in Pritsker v. Brudnoy, 389 Mass. 779, as well as on all of the evidence before the court, asserted that defendant’s actions and communication was merely an expression of defendant’s opinion and, therefore, was not actionable. Applying the facts before him to the law the judge correctly allowed the defendants motion for summary judgment as there was no genuine issue of material fact.
Petition denied.